HERNANDEZ & PAULONIS, PC
Michael S. Paulonis (MP-8987)
943 4th Avenue
Brooklyn, NY 11232
T: (646) 606-2190
F: (347) 274-2888
michaelpaulonis@gmail.com
*Attorneys for Plaintiff*
ALEJANDRO PENA ORTEGA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO PENA ORTEGA,<br><br>Plaintiff,<br><br>-against-<br><br>20 ST. WHOLESALE INC. d/b/a ON TIME BEVERAGES and/or 20 ST. WHOLESALE SODA & BEVERAGES, KHALIL IBRAHIM, ABDELRAHMAN IBRAHIM, and YAHYA IBRAHIM,<br><br>Defendants. | Case No. 22-CV-5501<br><br>**FLSA COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff ALEJANDRO PENA ORTEGA (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Hernandez & Paulonis, P.C., files this Complaint against defendants 20 ST. WHOLESALE INC. d/b/a ON TIME BEVERAGES and/or 20 ST. WHOLESALE SODA & BEVERAGES ("20 ST. WHOLESALE INC."), KHALIL IBRAHIM, ABDELRAHMAN IBRAHIM, and YAHYA IBRAHIM (the "Individual Defendants") (20 ST. WHOLESALE INC. and the Individual Defendants are collectively referred to herein as the "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d) liquidated damages, (e) statutory penalties for noncompliance with wage notice requirements, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, 20 ST. WHOLESALE INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 186 25th Street, Brooklyn, New York I 1232.

7. Prior to the spring of 2021, Defendant 20 ST. WHOLESALE INC.'s principal place of business was located at 211 20th Street, Brooklyn, New York ll232.

8. Defendant, 20 ST. WHOLESALE INC., owns and operates a wholesale beverage distribution business doing business as "On Time Beverages" and/or "20 St. Wholesale Soda & Beverages" (the "Wholesale Business"), which sells and delivers a variety of non-alcoholic beverages to, among others, grocery stores and restaurants in Brooklyn and Manhattan.

9. The Individual Defendants, who are brothers, are the joint officers, directors, managers, supervisors, and proprietors of 20 ST. WHOLESALE INC. who participate in the day-to-day operations of the Wholesale Business, and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with 20 ST. WHOLESALE INC..

10. The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11. Upon information and belief, at least within each of the three (3) most recent years relevant to the claims herein, 20 ST. WHOLESALE INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12. Defendants employed Plaintiff to work as a non- exempt warehouseman and delivery employee for the Wholesale Business from in or about July 18, 2016 until on or about May 25, 2020, and again for two weeks in August 2021.

13. The work performed by Plaintiff was directly essential to the business operated by Defendants.

14. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiffs his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18. The Individual Defendants actively participate in the day-to-day operation of the Wholesale Business. For instance, they personally hire and fire employees, supervise and direct the work of the employees, and instruct the employees how to perform their jobs.

19. The Individual Defendants jointly create, implement, and approve all business policies and makes all crucial business decisions, including decisions concerning the minimum and maximum number of hours the employees are required work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

20. Throughout his employment, Plaintiff worked six days per week, Monday through Saturday, from 7:00 a.m. through 7:00 p.m., and sometimes later, each day without an uninterrupted meal break. During the summers he would often work until 8 p.m..

21. Accordingly, throughout his employment, and for the relevant period concerning his claims, Plaintiff worked approximately seventy-two hours each week.

22. Nonetheless, Defendants paid him a flat weekly salary of $650.00.

23. Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his work shift.

24. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

25. Plaintiff worked for Defendants in such capacities from July 18, 2016 until on or about May 25, 2020, and again for two weeks in August 2021.

26. From the beginning of his employment and continuing for the term of his employment, Plaintiff was not paid proper minimum wages or overtime compensation.

27. During this period, Plaintiff was paid at the rate of $650 per week straight time for all hours worked and he worked seventy-two (72) hours per week (and sometimes more).

28. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Upon receiving his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, his gross wages, deductions, and net wages.

30. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

31. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff a "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

33. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time records.

34. The Plaintiff and Defendants by their attorneys entered into a Tolling Agreement effective as of January 20, 2022, dated February 18, 2022. Notice of termination of the Agreement was sent to Defendant on September 1, 2022.

## STATEMENT OF CLAIM

COUNT I

[Violation of the Fair Labor Standards Act]

35. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at least within the three (3) most recent years relevant to the allegations herein, 20 ST. WHOLESALE INC. has had gross revenues in excess of $500,000.

40. Plaintiff worked hours for which he was not paid the statutory minimum wage.

41. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

42. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

43. Plaintiff is entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

44. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

45. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one- half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

46. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

47. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

48. Defendants failed to properly disclose or inform Plaintiff of his rights under the FLSA.

49. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

50. Due to Defendants' intentional, willful and unlawful acts, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

COUNT II

(Violation of the New York Labor Law]

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "I" through "51" of this Complaint as if fully set forth herein.

53. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

54. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

56. Defendants knowingly and willfully violated Plaintiff's rights by failing to a pay a "spread of hours" premium to Plaintiff for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

57. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law§ 195(3) and New York State Department of Labor Regulations§§ 142-2.7.

58. Defendants failed to notify Plaintiff of his regular hourly rate of pay and corresponding overtime rate of pay, any tip credits or deductions taken, and their regular designated payday, in contravention of New York Labor Law§ 195(1).

59. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

60. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations§ 142-2.6.

61. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) et al. and § 198.

62. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

### **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff ALEJANDRO PENA ORTEGA respectfully request that this Court grant the following relief:

a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

d) An award of liquidated damages as a result of failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

f) An award of statutory damages for Defendants' failure to provide wage notices and weekly wage statements in violation of the New York Labor Law and the New York Wage Theft Prevention Act;

g) An award of prejudgment and post-judgment interest;

h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

i) Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: Brooklyn, New York
       September 14, 2022

                                        Respectfully submitted,

                                        HERNANDEZ & PAULONIS, P.C.
                                        943 4 Avenue
                                        Brooklyn, NY  11232
                                        Telephone:    (646) 606-2190
                                        Facsimile:     (347) 274-2888
                                        *Attorneys for Plaintiff*
                                        michaelpaulonis@gmail.com

                            By: _____/s/ Michael S. Paulonis_____
                                        Michael S. Paulonis (MP-8987)