UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ALEJANDRO PENA ORTEGA,

                Plaintiff,

    -against-
                                         **MEMORANDUM & ORDER**
20 ST. WHOLESALE INC., IBRAHIM        22-CV-5501 (RPK) (TAM)
KHALIL, ABDELRAHMAN KHALIL,
and YAHYA KHALIL,

                Defendants.

---------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Alejandro Pena Ortega initiated this case against Defendants 20 St. Wholesale Inc., Ibrahim Khalil, Abdelrahman Khalil, and Yahya Khalil on September 14, 2022. (*See* Compl., ECF No. 1.) Plaintiff seeks, *inter alia*, damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* ("NYLL"). (*Id.*) Plaintiff alleges that "Defendants employed Plaintiff to work as a non-exempt warehouseman and delivery employee" from on or about "July 18, 2016 until on or about May 25, 2020, and again for two weeks in August 2021." (*Id.* ¶ 12.) Plaintiff claims that, "[t]hroughout his employment, Plaintiff worked six days per week, Monday through Saturday, from 7:00 a.m. through 7:00 p.m., and sometimes later, each day without an uninterrupted meal break. During the summers he would often work until 8 p.m.," working approximately seventy-two hours each week (*Id.* ¶ 20–21.) Plaintiff alleges that, for his compensation, he was paid a "flat weekly salary of $650.00." (*Id.* ¶ 22.) Plaintiff alleges that he was not paid minimum wage, overtime compensation (at an overtime rate of

pay), spread of hours pay, and did not receive proper written wage statements. (*Id.* ¶¶ 26, 29, 32.)

On October 4, 2022, Plaintiff's counsel filed a letter motion to withdraw. (Mot. to Withdraw, ECF No. 5.) In support of the motion, Plaintiff's counsel explained that "Plaintiff and Defendant settled their dispute, without counsel, before service of process," and attached an affidavit signed by Plaintiff stating such. (*Id.*; Pl.'s Aff., ECF No. 5-1.) Plaintiff's affidavit states that he settled the case without his attorney and "discharged Hernandez & Paulonis, P.C." as his attorneys. (Pl.'s Aff., ECF No. 5-1, at 1.)

On November 8, 2022, the Court held a telephonic status conference to address the motion. (Nov. 8, 2022 ECF Minute Entry and Order.) The Court directed Plaintiff's counsel to "submit further explanation of the factual record here and, if appropriate, a motion to dismiss the case without prejudice" by November 22, 2022. (*Id.*) No such submission was filed.

On December 20, 2022, Plaintiff's counsel filed a second motion to withdraw as attorney. (Second Mot. to Withdraw, ECF No. 6.) Plaintiff's counsel stated that he had engaged in settlement discussions with a law firm representing Defendants, but they did not reach settlement. (*Id.* at 1.) Subsequently, Plaintiff told Plaintiff's counsel's law firm that Plaintiff had settled his claims with Defendants directly, "and he signed an affidavit stating that this office is discharged as Plaintiff's attorneys." (*Id.* at 1–2.) Plaintiff's counsel noted that, because he had already been discharged by Plaintiff, he was "unable to provide any more information about the facts of the case other than what has been provided by the pleadings, Plaintiff's Affidavit, and this letter," and that he cannot "take any further action affecting the outcome of the case, be it filing a motion to dismiss or a stipulation of dismissal, on behalf of a person who has discharged me

and now plots his own course of action concerning either his claims or his settlement of those claims." (*Id.* at 2.)

For the reasons discussed below, the Court grants Plaintiff's counsel's motion to withdraw as attorney. Plaintiff's counsel is directed to serve this Order on Plaintiff by **May 31, 2023**, and to file proof of service of such by **June 7, 2023**.

## DISCUSSION

"Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam). "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Est. of Wiesner*, No. 05-CV-1634 (DRH) (AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

As noted above, Plaintiff's counsel moved to withdraw as counsel after Plaintiff settled independently with Defendants, apparently before Plaintiff's counsel had served Defendants. (*See* Mot. to Withdraw, ECF No. 5; Second Mot. to Withdraw, ECF No. 6.) In addition, as counsel has further explained, since Plaintiff is no longer retaining the services of Plaintiff's counsel, counsel cannot provide the Court with any additional information regarding the case, nor move on behalf of his former client. (Second Mot. to Withdraw, ECF No. 6.)

The Court finds that Plaintiff's counsel's submissions are sufficient to show that Plaintiff's counsel has "satisfactory reasons for withdrawal," namely, a breakdown of the attorney-client relationship and a clear indication from Plaintiff that he no longer wants to be represented by his current counsel. E.D.N.Y. Local Civil Rule 1.4; *see, e.g.,*

3

*Hampton v. McDonough*, No. 17-CV-5711 (JMW), 2023 WL 3126525, at *3 (E.D.N.Y. Apr. 27, 2023) (citing *Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB) (JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005)) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant the application.").

For these reasons, Plaintiff's counsel's motion to withdraw as attorney for Plaintiff is granted. Plaintiff's counsel is directed to serve this Order on Plaintiff by **May 31, 2023**.

## CONCLUSION

Plaintiff's counsel's second motion to withdraw as attorney (ECF No. 6) is granted. Plaintiff's counsel, Michael S. Paulonis, is directed to serve Plaintiff with this Order and the full docket sheet for the case by **May 31, 2023**, and to file proof of service of such by **June 7, 2023**. As this Order permits Plaintiff's counsel to withdraw, Mr. Paulonis is also respectfully requested to inform Plaintiff that, if he does not locate new counsel, he must provide his address and contact information to the E.D.N.Y. *pro se* office by letter. If Plaintiff intends to mail his letter to the Court, the envelope should be addressed to the attention of the *pro se* office. Plaintiff shall either (1) submit a status letter to the E.D.N.Y. *pro se* office or (2) have a new attorney file a notice of appearance in this case by **June 14, 2023**. **Failure to appear will result in this case being dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).**

**SO ORDERED.**

Dated: Brooklyn, New York
May 19, 2023

______________________________
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE