UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ALEJANDRO PENA ORTEGA,

                    Plaintiff,

      -against-                         **REPORT AND RECOMMENDATION**

20 ST. WHOLESALE INC., KHALIL         22-CV-5501 (RPK) (TAM)
IBRAHIM, ABDELRAHMAN IBRAHIM,    (Not for Publication)
and YAHYA IBRAHIM,

                    Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Alejandro Pena Ortega initiated this case against Defendants 20 St. Wholesale Inc., Khalil Ibrahim, Abdelrahman Ibrahim, and Yahya Ibrahim on September 14, 2022.[1] (*See* Compl., ECF No. 1.) Plaintiff seeks, *inter alia*, damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* ("NYLL"). (*Id.*) On May 19, 2023, this Court granted Plaintiff's counsel's motion to withdraw, and directed Plaintiff to have a new attorney file a notice of appearance or appear himself *pro se* by June 14, 2023. (Mem. and Order, ECF No. 7.) To date, Plaintiff has failed to appear or otherwise contact the Court. For the following reasons, it is respectfully recommended that Plaintiff's claims be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] The Court notes that the case caption, as docketed, appears to contain errors as to the three individual Defendants, which are named in Plaintiff's Complaint. (*See* Compl., ECF No. 1, at 1.) On the public docket, the individual Defendants are listed as "Mr. Ibrahim Khalil," "Abdelrahman Khalil," and "Yahya Khalil."

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Plaintiff's Complaint

As noted above, Plaintiff initiated this case on September 14, 2022, seeking damages for unpaid wages pursuant to the FLSA and NYLL. (Compl., ECF No. 1.) Plaintiff alleged that "Defendants employed Plaintiff to work as a non-exempt warehouseman and delivery employee" from on or about "July 18, 2016 until on or about May 25, 2020, and again for two weeks in August 2021." (*Id.* ¶ 12.) Plaintiff claimed that, "[t]hroughout his employment, Plaintiff worked six days per week, Monday through Saturday, from 7:00 a.m. through 7:00 p.m., and sometimes later, each day without an uninterrupted meal break. During the summers he would often work until 8 p.m.," working approximately seventy-two hours each week. (*Id.* ¶¶ 20–21.) Plaintiff alleged that, for his compensation, he was paid a "flat weekly salary of $650.00." (*Id.* ¶ 22.) Accordingly, Plaintiff claimed that he was not paid minimum wage, overtime compensation (at an overtime rate of pay), or spread of hours pay, and did not receive proper written wage statements. (*Id.* ¶¶ 26, 29, 32.)

### II. Plaintiff's Counsel's Motion to Withdraw

On October 4, 2022, Plaintiff's counsel filed a letter motion to withdraw. (Mot. to Withdraw, ECF No. 5.) In support of the motion, Plaintiff's counsel explained that "Plaintiff and Defendant[s] settled their dispute, without counsel, before service of process," and attached an affidavit signed by Plaintiff stating such. (*Id.*; Pl.'s Aff., ECF No. 5-1.)[2] Plaintiff's affidavit states that he settled the case without his attorney and "discharged Hernandez & Paulonis, P.C." as his attorneys. (Pl.'s Aff., ECF No. 5-1, ¶ 3.)

---

[2] The Court notes that under ordinary circumstances, a settlement agreement in an FLSA action must be reviewed by a court under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Yet considering Plaintiff's apparent disinterest in further prosecuting case, the Court sees no feasible avenue to perform a *Cheeks* review. *See Miller v. Lavergne*, No. 19-CV-6371

2

On November 8, 2022, the Court held a telephonic status conference to address the motion. (Nov. 8, 2022 ECF Minute Entry and Order.) The Court directed Plaintiff's counsel to "submit further explanation of the factual record here and, if appropriate, a motion to dismiss the case without prejudice" by November 22, 2022. (*Id.*) No such submission was filed.

On December 20, 2022, Plaintiff's counsel filed a second motion to withdraw as attorney. (Second Mot. to Withdraw, ECF No. 6.) Plaintiff's counsel stated that he had engaged in settlement discussions with a law firm representing Defendants prior to filing this case, but they failed to reach a settlement. (*Id.* at 1.) Subsequently, Plaintiff told Plaintiff's counsel's law firm that Plaintiff had settled his claims with Defendants directly, "and he signed an affidavit stating that this office is discharged as Plaintiff's attorneys." (*Id.* at 1–2.) Plaintiff's counsel noted that, because he had already been discharged by Plaintiff, he was "unable to provide any more information about the facts of the case other than what has been provided by the pleadings, Plaintiff's Affidavit, and this letter," and that he cannot "take any further action affecting the outcome of the case, be it filing a motion to dismiss or a stipulation of dismissal, on behalf of a person who has discharged me and now plots his own course of action concerning either his claims or his settlement of those claims." (*Id.* at 2.)

Accordingly, on May 19, 2023, the Court granted Plaintiff's counsel's second motion to withdraw. (Mem. and Order, ECF No. 7.) The Court directed Plaintiff's counsel to serve the Order on Plaintiff by May 31, 2023 and to file proof of service by June 7, 2023. (*Id.*) Plaintiff's counsel filed proof of service on May 30, 2023. (Certificate of

---

(OTW), 2021 WL 1372651, at *3 (S.D.N.Y. Apr. 11, 2021) (collecting cases that dismissed claims where plaintiffs failed to prosecute in FLSA actions).

Service, ECF No. 8.) In the order permitting counsel to withdraw, the Court further stated:

> As this Order permits Plaintiff's counsel to withdraw, Plaintiff shall either (1) submit a status letter to the E.D.N.Y. *pro se* office or (2) have a new attorney file a notice of appearance in this case by **6/14/2023**. Plaintiff is respectfully reminded that contact information for the EDNY Pro Se Office is available on their website, https://www.nyed.uscourts.gov/pro-se-office. **Failure of Plaintiff (or new counsel on behalf of Plaintiff) to appear will result in this case being dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).**

(Mem. and Order, ECF No. 7 (emphasis in original).) Plaintiff has not submitted a status letter to the E.D.N.Y. *pro se* office indicating his intent to proceed *pro se*, has not had a new attorney file a notice of appearance, and has not otherwise contacted the Court.

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of

4

prosecution is a "harsh remedy" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining how to proceed. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The Circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

**II. Analysis**

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff's claims against Defendants. First, the Court notes that Plaintiff's counsel filed a motion to withdraw on October 4, 2022, and again on December 20, 2022, stating that shortly after filing the complaint and sending a copy of the pleadings to Defendants' attorneys at the time, "Plaintiff spoke with my partner to advise our office that he settled his wage claims with the Defendants directly, and he signed an affidavit

5

stating that this office is discharged as Plaintiff's attorneys." (Second Mot. to Withdraw, ECF No. 6, at 1–2.) As set forth above, Plaintiff also did not respond to the May 19, 2023 ECF Order directing Plaintiff to proceed *pro se* or have an attorney enter a notice of appearance on his behalf, despite the Order's explicit warning that failure to appear "**will result in this case being dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)**." (Mem. and Order, ECF No. 7, at 4 (emphasis in original).)

Second, the Court is satisfied that Plaintiff received proper notice about the possibility of dismissal, and that further attempts to warn him would be futile. *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013). As noted, the Court's May 19, 2023 Order clearly indicated that if Plaintiff did not send a letter to the E.D.N.Y. *pro se* office indicating his intent to proceed *pro se*, or have counsel enter a notice of appearance on his behalf, by June 14, 2023, then the case will be dismissed for failure to prosecute. (Mem. and Order, ECF No. 7.) Plaintiff's former counsel mailed a copy of the case docket and the May 19, 2023 Memorandum and Order to Plaintiff on May 30, 2023. (Certificate of Service, ECF No. 8.) Plaintiff did not contact the Court, locate new counsel, or file an appearance *pro se* by June 14, 2023, and still has not. In addition, the Court finds that Defendants could be prejudiced by further delay in this litigation given that a settlement has been reached. (*See* Mot. to Withdraw, ECF No. 5 ("Plaintiff and Defendant[s] settled their dispute, without counsel, before service of process."); Pl.'s Aff., ECF No. 5-1, ¶ 4 ("I settled my case with the defendant 20 St. Wholesale Inc., et al. on my own without my attorney[']s knowledge and consent, on September 19, 2022 in the amount of $24,000 in cash.").)

Apart from Plaintiff's absence, the notice he received regarding the consequences of his absence, and the potential prejudice Defendants could face if the case is further delayed by Plaintiff's absence, the Court also concludes that the fourth and fifth factors

under Rule 41(b) weigh in favor of dismissal. Plaintiff has shown no "interest in prosecuting this case." *Caussade*, 293 F.R.D. at 631. Accordingly, the Court finds that "dismissal would seek the proper balance between expediency and the rights of the plaintiff," and that dismissal is the only "efficacious option." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiff's claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to his failure to prosecute. *See* Fed. R. Civ. P. 41(b).

\* \* \* \* \*

This Report and Recommendation will be filed electronically and sent by mail to Plaintiff Alejandro Pena Ortega. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Rachel P. Kovner, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
July 6, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

7